UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CITY OF JACKSONVILLE, a
Florida Municipal Corporation, and
SMG, a Pennsylvania General
Partnership,

        Plaintiff,

vs.                                               Case No.  3:10-cv-211-J-32MCR

ARRIGATO, INC. (D/B/A CRATON
EVENTS & CONCESSIONS), a
Georgia Corporation,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Application for Clerk's Entry of Default against Defendant, filed July 21, 2010.  (Doc. 13).

    Plaintiff asks the Court for entry of a default by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendant, Arrigato, Inc. d/b/a Craton Events & Concessions.  Rule 55(a) provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  An order for entry of default is within the discretion of the Court and may be denied "in accordance with the policy of allowing cases to be tried on the merits."  Marschhauser v. Travelers Indem. Co., 145 F.R.D. 605, 610 (S.D. Fla. 1992) (citing Lee v. Bhd. of Maint. of Way Employees-Burlington N. Sys. Fed'n, 139 F.R.D. 376, 381 (D. Minn. 1991)).

In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of filing the action as required by Rule 4(m).  See Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding "service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.") (citations omitted).  Rule 4(h) of the Federal Rules of Civil Procedure requires service of process be made upon a corporation by: (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) following the state law for serving a summons in the state where the district court is located or where service is made, as prescribed in Rule 4(e)(1).

Under Florida law, process against any private corporation may be served upon the corporation's registered agent or according to the hierarchy of employees defined in Section 48.081 of the Florida Statutes.  Fla. Stats. §§ 48.081, 48.091.  Further, under Florida's substitute service statute, § 48.181, the Florida Secretary of State is automatically appointed as an agent for service of process to foreign corporations operating, conducting, engaging in, or carrying on a business or business venture in Florida.  Fla. Stats. § 48.181.

Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service.  George Fisher, Ltd. v. Plastiline, Inc.,

379 So. 2d 697, 699 (S.D. Fla. 1980).  Section 48.181 sets forth the jurisdictional requirements for substituted service of process.  These requirements are "the defendant conducts business in Florida and is either a (1) nonresident, (2) resident of Florida who subsequently became a nonresident, or (3) resident of Florida concealing his or her whereabouts."  Cantley v. Ducharme, No. 09-cv-23424, 2010 WL 2382912, at *1 (S.D. Fla. June 14, 2010); see also Fla. Stats. § 48.181.  Section 48.161 sets forth the method that must be followed for use of substituted service on nonresidents.  Section 48.161 requires substituted service be evidenced by: (1) registered or certified mailing to the nonresident of (a) a notice of such substituted service and (b) a copy of the process, which must be evidenced by (c) the filing of the nonresident's return receipt and (d) an affidavit of compliance by plaintiff or his or her attorney; or (2) an appropriate officer's return showing service on the nonresident within or without the state of Florida.  Fla. Stats. § 48.161; Conde v. Prof'l Mediquip of Fla, Inc., 436 So. 2d 322, 323 (Fla. 4th DCA 1983) (citing P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855, 857-58 (Fla. 2nd DCA 1978)).  Section 48.161 further requires the public officer authorized to receive substituted service, in this case the Secretary of State, to keep a record of all process served on him or her, showing the hour and day of service.  Fla. Stats. § 48.181; Conde, 436 So. 2d at 323.

Upon review of the record, the Court notes Plaintiff's personal service on the Thomasson Law Firm was ineffective because it was neither an officer nor an agent for service of Defendant.  (Aff. Kristy Approbato ¶ 9).  Plaintiff also attempted to execute substituted service upon the Secretary of State.  However, Plaintiff has not complied

with the requirements of Section 48.161.  In the instant motion, Plaintiff does not argue any attempts have been made to mail notice of the substituted service and process, either certified or registered, to Defendant.  Nor does Plaintiff argue personal service was otherwise perfected by a designated public officer.  In order to effectuate valid substitute service upon the Secretary of State, Plaintiff must comply with the demands of both Sections 48.161 and 48.181.  Plaintiff failed to comply with the requirements of Section 48.161 and therefore, did not effectuate valid substitute service.  As such, a clerk's default may not be entered.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiffs' Application for Clerk's Entry of Default against Defendant, Arrigato, Inc. d/b/a Craton Events & Concessions (Doc. 13) is **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of August, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record